Matter of Kohn (2019 NY Slip Op 00276)





Matter of Kohn


2019 NY Slip Op 00276


Decided on January 16, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SANDRA L. SGROI, JJ.


2018-08816

[*1]In the Matter of Michael J. Kohn, a suspended attorney, respondent. (Attorney Registration No. 1677632)



APPLICATION pursuant to 22 NYCRR 1240.10 by Michael J. Kohn, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 9, 1980, to resign as an attorney and counselor-at-law. By opinion and order of this Court dated July 5, 2017, in an unrelated proceeding under Appellate Division Docket No. 2015-09745, the respondent was suspended from the practice of law for a period of five years, commencing August 4, 2017 (Matter of Kohn, 152 AD3d 142).



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Michael J. Kohn, Port Washington, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Michael J. Kohn, has submitted an affidavit sworn to on July 17, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of six complaints of professional misconduct that are under investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. Those complaints allege, inter alia, the following acts of professional misconduct: willful misappropriation of a client's personal injury settlement, willful misappropriation of estate funds, failure to take action on behalf of a client after being retained and paid, and issuing escrow account checks on three occasions that were dishonored due to insufficient funds on deposit in that account. The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by this Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Sandra Dawson-McQueen in the sum of $90,000, the estate of Lillian Motlagh in the sum of $301,778.83,
and Vincent Bila in the sum of $2,500, and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund awards to any other individuals who filed or may file claims against him. He further acknowledges that the resignation is submitted subject to any future application that may be made [*2]by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund and that he consents to the Court's continuing jurisdiction to make such an order.
Lastly, the respondent acknowledges that, in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.
ORDERED that the application of the respondent, Michael J. Kohn, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael J. Kohn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael J. Kohn, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael J. Kohn, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Michael J. Kohn, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Sandra Dawson-McQueen, the estate of Lillian Motlagh, and Vincent Bila; and it is further,
ORDERED that in the event that no award has been made by the Lawyers' Fund for Client Protection of the State of New York to Sandra Dawson-McQueen, the estate of Lillian Motlagh, and Vincent Bila, the respondent, Michael J. Kohn, shall make monetary restitution to Sandra Dawson-McQueen in the sum of $90,000, the estate of Lillian Motlagh in the sum of $301,778.83, and Vincent Bila in the sum of $2,500, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that an award has been made by the Lawyers' Fund for Client Protection of the State of New York to Sandra Dawson-McQueen, the estate of Lillian Motlagh, and Vincent Bila, the respondent, Michael J. Kohn, shall make monetary restitution to Sandra Dawson-McQueen, the estate of Lillian Motlagh, and Vincent Bila, to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York, or by the Lawyers' Fund for Client Protection of the State of New York when it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Michael J. Kohn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court